FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2016 FEB 24  PM 12: 57

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS. FLORIDA

MEGAN DAVIS, on behalf of herself
and all others similarly situated,

     Plaintiff,

vs.

JP SPORTS COLLECTIBLES INC.,
JOHN E. PEERY and JOLEAN PEERY,

     Defendants.

_____/

CASE NO.:

2: 16 -CV-154 -FtM- 99CM

## **COMPLAINT**

COMES NOW Plaintiff, MEGAN DAVIS, (hereinafter "Plaintiff") on behalf of

herself, other employees and former employees similarly situated, by and through the

undersigned counsel, and files this Complaint against Defendants, JP SPORTS

COLLECTIBLES INC. (hereinafter "JP SPORTS"), JOHN E. PEERY and JOLEAN

PEERY (hereinafter collectively "Defendants") and states as follows:

### **JURISDICTION**

1.   Jurisdiction in this Court is proper as the claims are brought pursuant to the

Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the

"FLSA") to recover unpaid back wages, minimum wages, overtime wages, an additional

equal amount of liquidated damages, obtain declaratory relief, and reasonable attorney's

fees and costs.

2.   The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

§216(b).

3.  This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.  At all times material hereto, Plaintiff, MEGAN DAVIS, is and was a resident of Lee County, Florida.

5.  At all times material hereto, JP SPORTS COLLECTIBLES INC. was and continues to be a Florida Profit Corporation.  Further, at all times material hereto, JP SPORTS was, and continues to be, engaged in business in Florida, with a principle place of business in Lee County, Florida.

6.  At all times relevant to this action, Defendants JOHN E. PEERY and JOLEAN PEERY are believed to be residents of Lee County Florida.

7.  At times relevant hereto, Defendants JOHN E. PEERY and JOLEAN PEERY owned and operated JP SPORTS.

8.  At times relevant hereto, Defendants JOHN E. PEERY and JOLEAN PEERY regularly held and/or exercised the authority to hire and fire employees of JP SPORTS.

9.  At times relevant hereto, Defendants JOHN E. PEERY and JOLEAN PEERY regularly held and/or exercised the authority to determine the work schedules for the employees of JP SPORTS.

10. At times relevant hereto, Defendants JOHN E. PEERY and JOLEAN PEERY regularly held and/or exercised the authority to control the finances and operations of JP SPORTS.

11. By virtue of having regularly exercised that authority to: (a) hire and fire employees of JP SPORTS; (b) determine the work schedules for the employees JP

SPORTS; and/or (c) control the finances and operations of JP SPORTS,  JOHN E.
PEERY and JOLEAN PEERY are employers as defined by 29 U.S.C. 201, *et seq.*

12. At all times material hereto, Plaintiff was "engaged in commerce" within the
meaning of §6 and §7 of the FLSA.

13. At all times material hereto, Plaintiff was an "employee" of the Defendants
within the meaning of FLSA.

14. At all times material hereto, Defendants were the "employers" within the
meaning of FLSA.

15. Defendants were and continue to be  "employers" within the meaning of
FLSA.

16. At all times material hereto, Defendants were and continue to be an
"enterprise engaged in commerce" within the meaning of FLSA.

17. At all times material hereto, Defendants were and continues to be an
enterprise engaged in the "production of goods for commerce" within the meaning of
FLSA.

18. Based upon information and belief, the annual gross revenue of Defendants is
in excess of $500,000.00 per annum during the relevant time periods.

19. At all times material hereto, Defendants have two (2) or more employees
handling, selling, or otherwise working on goods or materials that had been moved in or
produced for commerce.

20. At all times material hereto, the Plaintiff was "engaged in commerce" and
subject to individual coverage of the FLSA.

21. At all times material hereto, the Plaintiff was engaged in the "production of goods for commerce" and subject to individual coverage of the FLSA.

22. The additional persons who may become Plaintiffs in this action are/were "non-exempt" employees of Defendants, who held similar positions to Plaintiff and who (a) worked in excess of forty (40) hours during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours; or (b) were not paid minimum wages for every hour worked.

23. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

24. On or about April 11, 2010 until on or about October 6, 2015, Plaintiff worked for Defendants. At the time of her termination she was performing non-exempt work as a team leader, cashier, sales floor, stocker, packing and shipping and customer service and was paid $14.75 per hour.

25. Defendants failed to compensate Plaintiff, and others similarly situated to her, minimum wages for all hours worked.

26. At various material times hereto, Plaintiff was not paid minimum wages for all hours worked. Specifically, Plaintiff was required to perform work during her lunch break, make bank deposits and answer calls from her employers and coworkers while off the clock.

27. Plaintiff also alleges as a result of performing work off the clock she has not been properly compensated for overtime wages.

4

28. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

29. From at least April 11, 2010 and continuing through October 6, 2015, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

30. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

31. Defendants have violated Title 29 U.S.C. §206 and §207 from at least April 11, 2010 through October 6, 2015, in that:

      a.   Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

      b.   No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff for overtime wages, at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA;

      c.   No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff for minimum wages for every hour worked; and

      d.   Defendants have failed to maintain proper time records as mandated by the FLSA.

32. Plaintiff has retained the BERKE LAW FIRM, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

33. Plaintiff, and others similarly situated to her, realleges and incorporates paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. From April 11, 2010 through October 6, 2015 Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

35. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

36. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

37. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidences by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

38. Defendants have failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

39. Due to intentional, willful, and unlawful acts of Defendants, Plaintiff, and others similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

41. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime.

42. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff proper overtime wages at time and a half the regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

     f.  Issue an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated non-exempt employees employed by Defendants within the past three years.

## COUNT II
## VIOLATION OF 29 U.S.C. §206 MINIMUM WAGES

43. Plaintiff, and others similarly situated to her, realleges and incorporates paragraphs 1 through 32 of the Complaint as if fully set forth herein.

44. From April 11, 2010 through October 6, 2015 Plaintiff was not compensated at least minimum wages for every hour worked.

45. Plaintiff, and others similarly situated to her, was entitled to be paid minimum wages for each hour worked during her employment with Defendants.

46. Since then, Plaintiff has demanded compensation for all hours worked, but Defendants have refused and/or failed to compensate her for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wages for each hour worked during multiple weeks of employment with Defendants.

47. Due to intentional, willful, and unlawful acts of Defendants, Plaintiff, and others similarly situated, suffered and continue to suffer damages and lost compensation for minimum wages for multiple weeks of work contrary to 29 U.S.C. §206.

48. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

49. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for payment of minimum wages.

50. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff minimum wages for every hour worked.

51. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants.

   a.   Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

   b.   Awarding Plaintiff the loss of minimum wages in the amount due for time worked;

   c.   Awarding Plaintiff liquidated damages in an amount equal to the loss of minimum wages award;

   d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e.   Awarding Plaintiff pre-judgment interest; and

   f.   Issue an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated non-exempt employees employed by Defendants within the past three years.

Respectfully submitted on this 23rd day of February 2016.

BERKE LAW FIRM, P.A.

By:   _____

Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorney for Plaintiff*