## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT (hereinafter "Agreement") is made and entered into by and between MEGAN DAVIS, AMANDA SCHOFIELD and ROBERT BRANDT (hereinafter "Plaintiffs") and JP SPORTS COLLECTIBLES INC., JOHN E. PEERY and JOLEAN PEERY (hereinafter "Defendants") ("Plaintiffs" and "Defendants" shall sometimes be referred to collectively herein as the "Parties").

WHEREAS, Plaintiff, MEGAN DAVIS, filed a lawsuit alleging violations of the Fair Labor Standards Act ("FLSA") and styled *Megan Davis, on behalf of herself and others similarly situated v. JP Sports Collectibles Inc., John E. Peery and Jolean Peery* in the U.S. District Court for the Middle District of Florida, Ft. Myers Division, Case No. 2:16-cv-00154 ("the Lawsuit"), the allegations of which the Company denies;

WHEREAS, the Parties prefer to avoid the uncertainties and expense of litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

1. **No Admission.** This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of any Plaintiff.

2. **Settlement Funds.** Defendants agrees to pay Plaintiffs, and their attorney the total sum of Eleven Thousand Seven Hundred Fifty Dollars and Zero Cents ($11,750.00) (hereinafter "Settlement Funds"), payable to the BERKE LAW FIRM, P.A. TRUST ACCOUNT and disbursed as follows:

a. MEGAN DAVIS will receive $2,000.00 related to her FLSA claims as back wages including liquidated damages;

b. MEGAN DAVIS will receive $100.00 paid in consideration of the General Release in Paragraph 9(b);

c. AMANDA SCHOFIELD will receive $800.00 related to her FLSA claims as back wages including liquidated damages;

d. AMANDA SCHOFIELD will receive $100.00 paid in consideration of the General Release in Paragraph 9(b);

e. ROBERT BRANDT will receive $1,000.00 related to his FLSA claims as back wages including liquidated damages;

f. ROBERT BRANDT will receive $100.00 paid in consideration of the General Release in Paragraph 9(b);

g. The BERKE LAW FIRM, P.A. will receive $7,650.00 which represents attorneys' fees in the amount of $6,828.16 and costs in the amount of $821.84 in this matter. Plaintiffs are expressly aware of, and agree with, the amount paid to their attorney in fees for representing their interests in this matter, and further represent that the amount of fees were determined and negotiated separate from their claims under the Fair Labor Standards Act of 1938, as amended.

3. **Payment.** Defendants agree to deliver said Settlement Funds to Plaintiffs' counsel, Bill B. Berke, Esq., Berke Law Firm, P.A. 4423 Del Prado Boulevard S., Cape Coral, Florida 33904 by no later than ten (10) days from the execution of this Agreement.

4. **Taxes.** Plaintiffs are responsible for all tax liabilities on payments they receive under this Agreement.

5. **Opportunity to Review.** The Parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys, have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

6. **Entire Agreement:** This Agreement constitutes and contains the entire agreement and understanding concerning the settlement of Plaintiffs' claims against Defendants and the other subject matters addressed herein between the parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. This is an integrated document.

7. **Governing Law:** The terms of this Agreement will be construed in accordance with the laws of the State of Florida.

8. **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

9. **Mutual Releases.**

(a) Effective upon timely payment as provided in Section 2 below, the Parties, on behalf of themselves, and all persons or entities claiming by, through or under them, and their respective heirs, successors and assigns, hereby fully, completely and finally

3

waive, release, remise, acquit, and forever discharge and covenant not to sue the other Parties with respect to any and all claims, demands, suits, manner of obligation, debt, liability, tort, covenant, contract, or causes of action of any kind whatsoever, at law or in equity. The Parties warrant and represent that they have not assigned or otherwise transferred any claim or cause of action released by this Agreement.

(b) The Parties acknowledge and agree that these releases are GENERAL RELEASES. The Parties expressly waive and assume the risk of any and all claims for damages which exist as of this date, but which they do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his, her or its decision to enter into this Agreement. The Parties expressly acknowledge that this waiver of claims includes any claims for any alleged fraud, deception, concealment, misrepresentation or any other misconduct of any kind in procuring this Agreement. The Parties specifically do not, however, waive or release any claim that may arise for breach of this Agreement.

10. Execution. The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

AGREED, ACKNOWLEDGED AND ACCEPTED BY:

_____
MEGAN DAVIS                    Date

*[signature]*  12/22/16
AMANDA SCHOLFIELD               Date

_____
ROBERT BRANDT                   Date

4

waive, release, remise, acquit, and forever discharge and covenant not to sue the other Parties with respect to any and all claims, demands, suits, manner of obligation, debt, liability, tort, covenant, contract, or causes of action of any kind whatsoever, at law or in equity. The Parties warrant and represent that they have not assigned or otherwise transferred any claim or cause of action released by this Agreement.

(b)  The Parties acknowledge and agree that these releases are GENERAL RELEASES. The Parties expressly waive and assume the risk of any and all claims for damages which exist as of this date, but which they do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his, her or its decision to enter into this Agreement. The Parties expressly acknowledge that this waiver of claims includes any claims for any alleged fraud, deception, concealment, misrepresentation or any other misconduct of any kind in procuring this Agreement. The Parties specifically do not, however, waive or release any claim that may arise for breach of this Agreement.

**10.  Execution.** The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

AGREED, ACKNOWLEDGED AND ACCEPTED BY:

_____   12/22/16
MEGAN DAVIS                      Date

_____   _____
AMANDA SCHOLFIELD                Date


_____   _____
ROBERT BRANDT                    Date

4

waive, release, remise, acquit, and forever discharge and covenant not to sue the other Parties with respect to any and all claims, demands, suits, manner of obligation, debt, liability, tort, covenant, contract, or causes of action of any kind whatsoever, at law or in equity. The Parties warrant and represent that they have not assigned or otherwise transferred any claim or cause of action released by this Agreement.

(b) The Parties acknowledge and agree that these releases are GENERAL RELEASES. The Parties expressly waive and assume the risk of any and all claims for damages which exist as of this date, but which they do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his, her or its decision to enter into this Agreement. The Parties expressly acknowledge that this waiver of claims includes any claims for any alleged fraud, deception, concealment, misrepresentation or any other misconduct of any kind in procuring this Agreement. The Parties specifically do not, however, waive or release any claim that may arise for breach of this Agreement.

10. **Execution.** The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

AGREED, ACKNOWLEDGED AND ACCEPTED BY:

_____   _____
MEGAN DAVIS                      Date

_____   _____
AMANDA SCHOLFIELD                Date

*[signature]*                     12/27/16
_____   _____
ROBERT BRANDT                    Date

4

_____  12-21-16
JOHN E. PEERY                    Date

_____  12-21-2016
JOLEAN PEERY                     Date

JP SPORTS COLLECTIBLES INC.

By: _____  12-21-2016
    Authorized Individual's Signature   Date

    _____Jolean Peery_____
    Print Authorized Individual's Name

5