## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MEGAN DAVIS, on behalf of herself
and all others similarly situated

      Plaintiff,

v.                                 Case No:  2:16-cv-154-FtM-CM

JP SPORTS COLLECTIBLES
INC., JOHN E. PEERY and
JOLEAN PEERY,

      Defendants.

_____

## ORDER

This matter comes before the Court upon review of the Joint Motion for Approval of Settlement (Doc. 56) filed on December 28, 2016. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims. For the reasons discussed below, the settlement is **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the

district court for the district court to review and determine that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

On February 24, 2016, Plaintiff, Megan Davis, on behalf of herself and others similarly situated, brought this action against Defendants for alleged violations of the minimum wage and overtime wage provisions of the FLSA.   Doc. 1.   Plaintiff's complaint alleges that Plaintiff worked as a "team leader, cashier, sales floor, stocker, packing and shipping, and customer service" and was compensated $14.75 per hour. *Id.* ¶ 24.   Plaintiff alleged she was required to perform work during her lunch break and make bank deposits and answer calls while off work.   *Id.* ¶ 26.   In addition to performing work off the clock, Plaintiff also alleged she was not properly compensated for overtime wages.   *Id.* ¶¶ 27-30.

On March 23, 2016, Defendants filed their answer and affirmative defenses in which they denied the allegations and asserted five affirmative defenses.   Doc. 14.

Defendants claimed that Plaintiff was part of the management team and was responsible for her own time-card; if she had overtime hours she should have reported them and would have been paid for them. *Id.* at 4. Defendants also maintained that they have a policy that forbids off-the-clock work. *Id.* Defendants claimed lack of awareness of any off-the-clock work performed by Plaintiff due to Plaintiff's management position and her ability to control the information on her time card. *Id.* Moreover, Defendants claimed that even though they believed Plaintiff had been properly paid pursuant to her own time card submissions, Defendants recalculated the alleged off-the-clock hours based on Plaintiff's pre-filing statements, doubled the resulting amount, and sent a check to Plaintiff's attorney for $1,125.72. *Id.*

Subsequent to Defendants' answer, two Opt-In Plaintiffs, Amanda Schofield and Robert Brandt, consented to join the suit. Docs. 17; 18. Plaintiff completed her answers to the Court's interrogatories, in which she claimed $5,062.94 plus liquidated damages, attorney's fees, and costs for her overtime and off-the-clock claims. Doc. 20-1 at 2. Plaintiff claimed $7,677.00 in attorney's fees. *Id.* In her answers, Ms. Schofield claimed $879.13 plus liquidated damages, attorney's fees, and costs for her off-the-clock claim, plus the same amount as Ms. Davis in attorney's fees. Doc. 20-2 at 1-2. Mr. Brandt claimed $2,266.94 plus liquidated damages, attorney's fees, and costs for his off-the-clock claim, and claimed the same amount as Ms. Davis in attorney's fees. Doc. 20-3 at 1-2.

On December 16, 2016, the parties participated in a judicial settlement conference before the Honorable Mac R. McCoy, during which they reached a

settlement.   As part of their settlement, Ms. Davis will receive $2,000.00 for her FLSA claims as back wages and liquidated damages; Ms. Schofield will receive $800.00 for her FLSA claims as back wages and liquidated damages; Mr. Brandt will receive $1,000.00 for his FLSA claims as back wages and liquidated damages.   Doc. 56-1 at 2.   Plaintiffs' counsel will receive $7,650.00, which represents attorneys' fees in the amount of $6,828.16 and costs in the amount of $821.84 in this matter.   *Id.* Plaintiffs state that based upon a review of their claims, "Plaintiffs believe and represent that they have been paid a fair and reasonable settlement for all work they performed on Defendants' behalf, and that the settlement between the parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues." Doc. 56 at 2-3.

In determining the reasonableness of a settlement, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).   Having considered these factors, reviewed the file thoroughly, and considered the representations of the parties, the Court concludes that these factors militate in favor of a finding that the parties' settlement agreement is fair and reasonable.

Regarding attorney's fees, pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.   Doc. 56-1 at 2.   Thus, having reviewed the settlement agreement (Doc. 56-1), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

The parties' agreement calls for mutual general releases of claims.   Doc. 56-1 at 3-4.   In FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer."   *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).   Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA.   *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–

1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).   Here, each Plaintiff will receive an additional $100 as consideration for the individual general releases.   Doc. 56-1 at 2.   Because this compensation is separate and apart from the benefits to which each Plaintiff is entitled under the FLSA, the Court finds that this provision does not render the agreement unfair or unreasonable.

The Court notes that there is a pending Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law (Doc. 19) and a Motion for Summary Judgment (Doc. 40) filed by Plaintiff.   Because the settlement as to Plaintiffs in this action provides full and final relief to them, these motions are moot.   *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (stating "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied."); *see also Kennedy v. Simon's Lawn Care, Inc.*, No. 2:15-cv-476-FtM-29CM, 2016 WL 952159, at *1 (M.D. Fla. March 14, 2016) (denying as moot the Plaintiff's pending motion to certify collection action when the settlement as to the only two plaintiffs provided full and final relief to the plaintiffs).

ACCORDINGLY, it is hereby

**ORDERED:**

1.      The Joint Motion for Approval of Settlement (Doc. 56) is **GRANTED**, and

the Settlement Agreement and Mutual Release (Doc. 56-1) between Plaintiff, Opt-In Plaintiffs, and Defendants is **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

3.      Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law (Doc. 19) is **DENIED as moot**.

4.      Plaintiff's Motion for Summary Judgment (Doc. 40) is **DENIED as moot**.

5.      Because Plaintiff was granted permission to proceed *in forma pauperis* in this matter, Plaintiff is directed to pay the filing fee, out of the recovery of her costs, within ten (10) days from the date of this Order.[1]

6.      This action **DISMISSED** with prejudice, and the Clerk shall close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29 day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[1] Doc. 5 at 2 n.1.